NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHEN BEIGHTLER, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 08-0966 (JAG) |
| STATE OF NEW JERSEY et al., | : **OPINION** |
| Defendants. | : |

**GREENAWAY, JR., U.S.D.J.**

     This matter comes before this Court on (1) the motion to dismiss Counts I, II, and III of Plaintiff's Complaint by the defendant State of New Jersey ("the State" or "New Jersey"), pursuant to FED. R. CIV. P. 12(b)(6), for failure to state a claim upon which relief can be granted; (2) the motion to dismiss Counts I, II, and III of the Complaint by the defendant, Essex County Prosecutor's Office ("ECPO"), pursuant to FED. R. CIV. P. 12(b)(6), for failure to state a claim upon which relief can be granted; and (3) the motion to dismiss Counts I, II, and III of the Complaint by defendant, Essex County, pursuant to FED. R. CIV. P. 12(b)(6), for failure to state a claim upon which relief can be granted.  For the reasons set forth below, the motions to dismiss will be granted, with prejudice, as to Counts I, II, and III of Plaintiff's Complaint.

## I. BACKGROUND

Plaintiff was arrested on February 22, 2007 at the Newark Liberty International Airport on suspicion of possessing an illegal firearm before boarding a flight to Amsterdam. (Compl. ¶ 4.) After Plaintiff had proceeded through the security checkpoint, and while he was awaiting his flight's departure, the Transportation Security Administration ("TSA") paged him to return to their office. (Id. at ¶ 6.) Plaintiff complied immediately with this request. (Id.) Plaintiff was given his Miranda warnings, questioned, and then placed in handcuffs by the Port Authority Police. (Id. at ¶ 7.) The firearm was found in locked, checked luggage that was to be placed underneath the plane. (Id. at ¶ 5.) The firearm had been disassembled, unloaded, and placed in multiple bags. (Id.)[1] Plaintiff admitted that the firearm belonged to him. (Id. at ¶ 7.) Plaintiff claimed that he had failed to declare the weapon because he was unaware that airline procedure required passengers to declare firearms. (Id. at ¶ 5.)

Plaintiff was transferred to the Port Authority holding cell for further interrogation. (Id. at ¶ 8.) He informed arresting officers that the reason for having the disassembled firearm was for self-defense and safety purposes while traveling abroad. (Id.) Further, he told them that he thought the proper procedure for carrying a firearm was to disassemble it and place it in a locked container out of reach. (Id. at ¶ 8-9.)

Plaintiff was questioned by U.S. Marshals and U.S. Secret Service agents while he was in custody. (Id. at ¶ 11.) After a brief review, both the U.S. Marshals and the Secret Service agents left without any interest in the case. (Id.) The Port Authority officers that arrested Plaintiff then

---

[1] A ballistics report performed by the Newark Police Laboratory later indicated that the firearm was inoperable. (Id. at ¶ 14.)

contacted the Essex County Prosecutor's office, which informed them that Plaintiff should be charged with unlawful possession of a firearm. (Id. at ¶ 12.)  Plaintiff was charged and transferred into the custody of Essex County. (Id. at ¶ 13.)  Plaintiff sought to enter a Pre-Trial intervention ("PTI") program in which he would not be indicted for the charged crime, if he completed a probationary term successfully. (Id. at ¶ 14.)  The Essex County Prosecutor's office denied Plaintiff's attempt to enter into the PTI program, insisting that Plaintiff was involved in terrorism, even after the probation department themselves recommended Plaintiff for the program. (Id. at ¶ 15).

Plaintiff filed an appeal seeking admission to the PTI program, to which the Essex County Prosecutor's office objected, on the grounds that Plaintiff was involved in terrorism.  (Id. at ¶ 16.)  Plaintiff's appeal was denied. (Id. at ¶ 21.)  Plaintiff pled guilty to the crime without entering the PTI program after contesting the charges. (Id. at ¶ 22.) After his plea, Plaintiff commenced suit in federal court.  Plaintiff claims that Defendant violated his civil rights guaranteed by the Constitution of the United States.

Specifically, Plaintiff claims that the defendants, the State of New Jersey, the ECPO, and Essex County, violated the Equal Protection clause of the 14th Amendment of the Constitution of the United States, and the Due Process Clause of the 5th Amendment of the Constitution of the United States, in violation of 42 U.S.C. § 1983.  Plaintiff also claims that defendants committed defamation, pursuant to N.J. Stat. Ann. § 2a:14-3, and negligent prosecution under state common law.

## II. STANDARD OF REVIEW

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957), while abrogating the decision in other respects). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 127 S. Ct. at 1964-65 (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id. at 1965.

When deciding a motion to dismiss, pursuant to FED. R. CIV. P. 12(b)(6), a court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 (3d Cir. 1994). The court is to view these allegations and inferences in the light most favorable to the non-moving party. Id. A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. See In re Warfarin Sodium, 214 F.3d 395, 397-98 (3d Cir. 2000). That is, a motion to dismiss should be granted if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." Twombly, 127 S. Ct. at 1974 (abrogating Conley, 355 U.S. 41). The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Semerenko v. Cendant Corp.,

223 F.3d 165, 173 (3d Cir. 2000).

## III.  DISCUSSION

**(1) State of New Jersey's Motion to Dismiss**

The State of New Jersey argues that its motion to dismiss should be granted because: (1) Plaintiff's claims for damages against New Jersey are barred by the Eleventh Amendment; (2) the State of New Jersey is not "a person" amenable to suit under 42 U.S.C. § 1983; (3) Plaintiff failed to file a timely notice of his tort claim against the State.  This Court finds that each of Plaintiff's claims against New Jersey are barred by the Eleventh Amendment.  Therefore, this Court need not address New Jersey's additional arguments for dismissal.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. CONST. amend. XI.  This Amendment bars suits against any state, or its agencies, in federal court by that state's own citizens or citizens of other states.  Davis v. Twp. of Lakewood, No. 03-1025, 2005 U.S. Dist. LEXIS 16420, at *11 (D.N.J. Aug. 4, 2005) (citing Edelman v. Jordan, 415 U.S. 651, 662-63 (1974)); see also Kelley v. Edison Twp., No. 03-4817, 2006 U.S. Dist. LEXIS 23510, at *18 (D.N.J. Apr. 25, 2006) (citing Bennett v. City of Atl. City, 288 F. Supp. 2d 675, 679 (D.N.J. 2003) (stating that "[t]he breadth of state sovereign immunity protects not only states, but expands to protect entities and persons who can show that, even though the State is not the named defendant, 'the state is the real, substantial party in interest.'")).

This broad immunity applies to claims for both legal and equitable relief, as well as all claims pursuant to 42 U.S.C. § 1983.  Davis, 2005 U.S. Dist. LEXIS 16420, at *12 (citing

Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99 n.8 (1984)).  Therefore, unless a state waives its sovereign immunity, or consents to the suit, a federal court lacks jurisdiction to hear claims brought by an individual against a state.  Kelley, 2006 U.S. Dist. LEXIS 23510, *18.  Plaintiff alleges no facts to suggest that the State of New Jersey has waived its immunity from suit.

Plaintiff's claims under 42 U.S.C. § 1983 are also barred by the Eleventh Amendment because there is no waiver expressed or implied under the statute.

Plaintiff's tort claims are also barred.  Under the New Jersey Tort Claims Act, N.J. Stat. Ann. 59:1-1 et seq., (the "Act"), the New Jersey legislature re-established sovereign immunity in response to the Supreme Court of the United States' abrogation of the common law doctrine of sovereign immunity from tort.  Absent specific provisions within the Act for liability, New Jersey maintains its sovereign immunity under the Eleventh Amendment.  See Berg v. State, 371 A.2d 308 (N.J. 1977).  The Act states, "It is hereby declared to be the public policy of this State that public entities shall only be liable for their negligence within the limitations of this Act in accordance with the fair and uniform principles established herein. N.J. Stat. Ann. § 59:1-2.  Further, the Act provides, "Except as otherwise provided by this Act, a public entity is not liable for an injury whether such injury arises out of an act or omission of the public entity or a public employer or any other person. Id. at § 59:2-1(a).

Based on the foregoing, this Court finds that Plaintiff's claims against the state of New Jersey are barred by the Eleventh Amendment.

**(2) Essex Country Prosecutor's Office's Motion to Dismiss**

In support of its motion to dismiss for failure to state a claim upon which relief can be

granted, Defendant ECPO argues that it is an arm of the state and, as such, is immune from suit in federal court, pursuant to the Eleventh Amendment. (Br. ECPO at 6.)  In order to determine whether the ECPO is an agency of the state of New Jersey or, in other words, whether New Jersey is the "real, substantial party in interest," (see Kelley, 2006 U.S. Dist. LEXIS 23510, at *18), this Court must consider the "Fitchik factors."  These factors are: (1) whether payment of a judgment resulting from the suit would come from the state treasury, (2) the status of the entity under state law, and (3) the entity's degree of autonomy.  Chisolm v. McManimon, 275 F.3d 315, 323 (3d Cir. 2001) (citing Fitchik v. N.J. Transit Rail Operations, Inc., 873 F.2d 655, 659 (3d Cir. 1989)).  Each factor must be considered equally in assessing whether the ECPO is an arm of the state of New Jersey.  Bowers v. Nat'l Collegiate Athletic Ass'n, 475 F.3d 524, 546 (3d Cir. 2007).  Lastly, the ECPO bears the burden of proving that it is entitled to sovereign immunity. See Chisolm, 275 F.3d at 323.

The first Fitchik factor requires a determination of whether a judgment entered against the ECPO would be paid from the state treasury.  Id.  This is true here.  In Wright v. State of New Jersey, the Supreme Court of New Jersey determined that county prosecutors, when engaged in investigation and enforcement of the state's criminal laws, carry out a function that has "traditionally been the responsibility of the state and for which the Attorney General is ultimately answerable."  778 A.2d 443, 464 (N.J. 2001); see also Banda v. Burlington County, No. 03-2045, 2006 U.S. Dist. LEXIS 68791, at *16-17 (D.N.J. Sept. 26, 2006); Kelley, 2006 U.S. Dist. LEXIS 23510, at *19-20; Davis, 2005 U.S. Dist. LEXIS 16420, at *21-22.  Therefore, county prosecutors are entitled to indemnification and defense by the State of New Jersey for alleged "tortious conduct committed during the investigation, arrest, and prosecution of [a plaintiff],"

unless their acts or omissions involve fraud, actual malice, or willful misconduct.  Wright, 778 A.2d at 465 (citing N.J. STAT. ANN. §§ 59:10A, 59:10-2).

Each of Plaintiffs' allegations against the ECPO pertain to the ECPO's actions relating to Plaintiff's arrest, investigation, and prosecution.  (See generally Compl.) The ECPO's actions are clearly within its capacity as a law enforcement entity.  While Plaintiff alleges that the ECPO violated his civil rights with "malice", inflicted "willful, malicious, and egregious defamation", and "negligently misrepresented facts" in prosecuting him, (see e.g., Compl. ¶¶ 24, 27, 30), they do not allege specific acts or omissions by a particular employee or agent of the ECPO that involves fraud, actual malice, or willful misconduct precluding indemnification and defense by the State of New Jersey.

As such, this Court finds that payment of a judgment resulting from this suit would come from the New Jersey State treasury.

Second, and consistent with that noted above, this Court finds that the ECPO acts as an agent of New Jersey.  As stated by the Wright court,

> [w]hen prosecutors perform their law enforcement function, they are discharging a State responsibility that the Legislature has delegated to the prosecutors . . . subject to the Attorney General's right to supersede.  The legislative delegation, in combination with the Attorney General's supervisory authority and power to supercede, demonstrates that at its essence the county prosecutors' law enforcement function is clearly a State function.

778 A.2d at 462 (internal citations omitted).

Third, the ECPO is not an autonomous entity, and is subject to the supervision and supersession by the Attorney General.  N.J. STAT. ANN. § 52:17B-106 (stating that "the Attorney General may supersede the county prosecutor for the purpose of prosecuting all of the criminal

business of the State in said county, intervene in any investigation, criminal action, or proceeding instituted by the county prosecutor, and appear for the State in any court or tribunal for the purpose of conducting such investigations, criminal actions or proceedings as shall be necessary for the protection of the rights and interests of the State.").

In this case, each of the three Fitchik factors is satisfied. The District of New Jersey has consistently held that New Jersey county prosecutors' offices are entitled to Eleventh Amendment immunity from suits arising out of the exercise of prosecutorial powers. See generally, Banda, 2006 U.S. Dist. LEXIS 68791 (Burlington County Prosecutor's Office entitled to Eleventh Amendment immunity); Davis, 2005 U.S. Dist. LEXIS 16420 (Ocean County Prosecutor's Office entitled to Eleventh Amendment immunity); Kelley, 2006 U.S. Dist. LEXIS 23510 (Middlesex County Prosecutor's Office entitled to Eleventh Amendment immunity).

This Court sees no reason to depart from the precedent established in these cases. Ultimately, this Court holds that the ECPO is entitled to Eleventh Amendment immunity. Based on this Court's finding that the ECPO is entitled Eleventh Amendment immunity, there is no necessity to address Plaintiff's remaining claims against the ECPO.

**(3) Essex County's Motion To Dismiss**

Plaintiff brings suit against Essex County for acts committed by the ECPO in violation of the Equal Protection clause of the 14th Amendment of the Constitution of the United States, and the Due Process Clause of the 5th Amendment of the Constitution of the United States, in violation of 42 U.S.C. § 1983; for defamation, pursuant to N.J. Stat. Ann. § 2a:14-3, and for negligent prosecution under state common law. (See generally Compl.). This Court finds that Essex County is entitled to Eleventh Amendment immunity. See Wright, 169 N.J. at 451-52

(citing N.J. Stat Ann. § 2A:158-4) ("In addition, we note that when prosecutors perform their law enforcement function, they are discharging a State responsibility that the Legislature has delegated to the county prosecutors . . . subject to the Attorney General's right to supersede. The legislative delegation, in combination with the Attorney General's supervisory authority and power to supersede, demonstrates that at its essence the county prosecutors' law enforcement function is clearly a State function.")

## IV. CONCLUSION

For the reasons stated above, the motions of the State of New Jersey, the ECPO, and Essex County seeking dismissal of all claims based on Eleventh Amendment immunity is granted.

 S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated:  December 16, 2008